# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   v.<br><br>KYLE BAXTER,<br><br>       Defendant / Judgment Debtor,<br><br>              and<br><br>PRESTIGE CARE, INC.,<br><br>               Garnishee. | CASE NO. 18-mc-5024 BHS<br><br>(3:14-cr-5296-1 RJB)<br><br>ORDER DENYING DEFENDANT / JUDGMENT DEBTOR'S OBJECTION TO WRIT OF CONTINUING GARNISHMENT |

This matter comes before the Court on Defendant / Judgment Debtor Kyle Baxter's ("Baxter") objection to the United States' motion for writ of continuing garnishment. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies Baxter's objection and request for a hearing for the reasons stated herein.

# I. FACTUAL & PROCEDURAL BACKGROUND

On July 3, 2014, the United States filed a felony information charging Baxter with one count of making false, fictitious, and fraudulent claims to the Government, relating to his filing of false tax returns. *See United States v. Baxter*, No. 14-cr-5296-1 RJB, Dkt. 1. On July 11, 2014, Baxter waived formal indictment and pled guilty to the charge. *Id.*, Dkts. 4–8. On October 16, 2014, the Honorable Robert J. Bryan entered judgment, ordering Baxter to pay restitution in the amount of $255,033 to the Internal Revenue Service ("IRS"). *Id.*, Dkt. 23 at 5.

On November 6, 2018, the United States applied for a writ of continuing garnishment ("garnishment"). Dkt. 1. The United States sought the garnishment to recover funds from distributions of Baxter's wages in order to collect the remaining restitution balance, which was approximately $242,000 when this action was filed. *Id.*

On November 8, 2018, the Court entered an Order to issue a writ of continuing garnishment to garnishee Prestige Care, Inc ("Prestige"). Dkts. 3, 4. On November 26, 2018, Prestige answered the garnishment, asserting that it employs Baxter and disburses wages to him on a bi-weekly basis. Dkt. 7 at 2.

On December 6, 2018, Baxter filed a letter and a Request for Hearing form ("objection"), asking to reduce the amount of the Garnishment from 25 percent to 13 percent of his disposable earnings due to financial hardship. *See* Dkts. 8, 8-1. Baxter asserts that he supports two children, owes $60 a month in child support, and drives nearly 100 miles each day commuting to work, which has become more expensive with rising gas prices. Dkt. 8. Baxter also claimed three property exemptions to the

garnishment. Dkt. 8-1. On February 28, 2019, the United States responded, Dkt. 10, and filed a supporting declaration which included twenty pages of Baxter's redacted financial records. Dkts. 11, 11-1.

## II.  DISCUSSION

The United States is authorized to enforce any restitution order imposed as part of a criminal sentence by using its powers under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq* ("FDCPA"). Under the FDCPA, a judgment debtor may contest garnishment proceedings by filing a request for a hearing and/or an objection to the garnishment. 28 U.S.C. § 3202(d); 28 U.S.C. § 3205(c)(5). Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two grounds: (1) that the property the United States is taking is exempt from garnishment; or (2) that the United States has not complied with the statutory requirements for the garnishment process. 28 U.S.C § 3202(d)(1)–(2); *see also United States v. Webb*, No. CR-10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014). The judgment debtor has the burden of proving that a basis for relief exists. 28 U.S.C. § 3205(c)(5). The Court examines each of Baxter's grounds for objection in turn.

**A.     Financial Hardship**

Baxter first objects to the garnishment for financial hardship. *See* Dkt. 8 at 1 ("I am requesting that the Writ of garnishment be withheld at a lesser amount. . . . I do not live outside my means and am willing to pay off all debts. I am asking that I not be made

Destitute [*sic*] by the 25% and only take 13%."). The court may consider "the probable validity of any claim of exemption by the judgment debtor." 28 U.S.C. § 3202(d).

As a threshold issue, the United States argues that a claim of generalized financial hardship by a judgment debtor "is not a valid objection to the [g]arnishment" and should not be considered by the Court. Dkt. 10 at 4–5 (citing 28 U.S.C. § 3202(d)(1)–(2)). In support of its position, the United States cites authority demonstrating that "numerous courts—including this one—have consistently refused to consider claims of financial hardship" made by judgment debtors. Dkt. 10 at 5 (citing *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1194 (D.S.D. 2008) (limiting viable objections to garnishment to those listed in § 3202(d)) (collecting cases) and *United States v. Skeins*, No. C14-1457-JLR, 2014 WL 5324880 at *3 (W.D. Wash. Oct. 17, 2014) (finding that generalized financial hardship is not a valid objection)). Upon review of these authorities, the Court agrees that Baxter's asserted claim of financial hardship falls outside the scope of any property or right that is statutorily exempted from garnishment.[1] Therefore, Baxter fails to meet his burden to demonstrate that the property the United States seeks to take here—his wages—are exempt from garnishment based on his financial hardship. *Webb*, 2014 WL

---

[1] 18 U.S.C. § 3613(a), applicable to restitution under subsection 3613(f), allows a judgment imposing a fine to be enforced against all property or rights to property of the person fined, except those exempt pursuant to 26 U.S.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. Section 6334 exempts, in relevant part: (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects; (3) Books and tools of a trade, business, or profession; (4) Unemployment benefits; (5) Undelivered mail; (6) Certain annuity and pension payments; (7) Workmen's compensation; (8) Judgments for support of minor children; (10) Certain service-connected disability payments; and (12) Assistance under Job Training Partnership Act. 26 U.S.C. § 6334(a) (1)-(8), (10), (12).

2153954, at *4. Accordingly, Baxter's objection to the garnishment on this basis is denied.

**B.     Claimed Property Exemptions**

Second, Baxter asserts that "the property the Government is taking is exempt" from garnishment. Dkt. 8-1 at 1. In his Request for Hearing form, Baxter claims three exemptions: "wearing apparel and school books," "fuel, provisions, furniture, and personal effects," and "judgments for support of minor children." *Id.* at 4.

**1.     Exemptions for "apparel and schoolbooks" and "personal effects"**

The United States does not seek garnishment of any of the first two categories of exempt personal property identified by Baxter in his Request for Hearing form. *See* Dkt. 4, ¶ 2 (describing property sought by the United States as Baxter's nonexempt disposable earnings); Dkt. 9 at 2–3 (reporting that Prestige does not possess any nonexempt personal property belonging to Baxter other than his wages). Therefore, Baxter's claimed exemptions for "wearing apparel and school books" and "fuel, provisions, furniture and personal effects" do not apply to this garnishment. Baxter's objection on this basis is accordingly denied.

**2.     Exemption for judgments for support of minor children**

Next, Baxter claims an exemption for "judgments in support of minor children," as recognized by 26 U.S.C. § 6334(a)(8). Dkt. 8-1 at 4. Under 18 U.S.C. § 3613(a), the amount of income subject to garnishment is generally limited to no more than 25 percent of the judgment debtor's disposable earnings. *Id.* (incorporating the 25-percent limit on wage garnishments from the Consumer Credit Protection Act, 15 U.S.C § 1601 *et seq.*).

Because Baxter states that he pays $60 per month in child support for his two sons, ordinarily, the United States would be required to limit the garnishment "to 25 percent of Mr. Baxter's earnings, less the $60 required for him to comply with the child support order." Dkts. 8, 10 at 8. However, garnishments collecting tax debts are exempt from § 1673(a)'s 25 percent limit on the collection of disposable earnings. 15 U.S.C. § 1673(b)(1)(C). Here, Baxter's restitution debt is considered a tax debt because it is a debt payable to the IRS for a tax crime. *United States v. Clayton*, 613 F.3d 592, 596 (5th Cir. 2010); *see also United States v. Baxter*, No. 14-cr-5296-1 RJB, Dkt. 23 (judgment listing restitution as payable to the IRS). Accordingly, this garnishment is not subject to the 25 percent cap on disposable earnings and, because it is not subject to the cap, is unaffected by Baxter's $60 per month child support obligation.[2] Therefore, Baxter's objection to the garnishment on this basis is denied.

**C.      Hearing**

Baxter also requested a hearing on his objections. Dkt. 8-1. Section 3202 provides that courts "shall" hold a hearing when a hearing request is timely made by the judgment debtor. 28 U.S.C. § 3202(d). However, § 3202(d) limits the scope of the hearing to the probable validity of the judgment debtor's claimed property exemptions and/or the United States' compliance with the procedural requirements of the garnishment. *Id.*; *see also United States v. Pugh*, 75 Fed.App'x 546, 547 (8th Cir. 2003) (limiting hearing concerning the enforcement of a judgment to circumstances where the debtor has claimed

---

[2] Although the garnishment is not subject to the 25 percent limit, the United States "does not seek to garnish more than 25 percent of Mr. Baxter's disposable earnings." Dkt. 10 at 3.

a probable validity of an exemption, challenged compliance with statutory requirements, or the judgment has been obtained by default). As explained above, Baxter's challenge to the garnishment based on financial hardship does not present a cognizable objection, and his challenges based on property exemptions fail where none apply to this garnishment. Thus, Baxter's objections are beyond the scope of a § 3202(d) hearing. The Court therefore declines to hold a hearing.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Baxter's objection to garnishment, Dkt. 8, is **DENIED**.

Dated this 15th day of May, 2019.

BENJAMIN H. SETTLE
United States District Judge